UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CR-12(01)RM |
| ) | |
| MICHAEL A. CRANCE ) | |

OPINION and ORDER

On February 9, 2006, Michael Crance was charged with possession with the intent to distribute marijuana; a forfeiture count was contained in the indictment, as well. Mr. Crance has pleaded not guilty, and trial is currently set for April 24, 2006. Mr. Crance is now before the court seeking suppression of items seized pursuant to a search warrant issued May 27, 2003 by a judge of the St. Joseph Superior Court. Mr. Crance contends that his Fourth Amendment rights were violated when officers of the Indiana State Police, in searching his residence in South Bend, Indiana, exceeded the scope of the warrant and then used certain information gleaned during that search to obtain a subsequent warrant to search his LaPorte County, Indiana, property. The government has filed its opposition to Mr. Crance's motion. Because the facts set forth in Mr. Crance's motion would not entitle him to a suppression order, the court needs no evidentiary hearing. *See, e.g.,* United States v. Villegas, 388 F.3d 317 (7th Cir. 2004).

Indiana State Police obtained a warrant on May 27, 2003 to search Mr. Crance's residence on Manchester Drive in South Bend, Indiana. The warrant provided for the search for and seizure of "marijuana plants and plant residue

(dried and/or fresh); growing supplies; measuring devices; paraphernalia; record-keeping materials and ledgers; computers, . . . or any other electronic devices capable of storing information relating to the sale, delivery, or production of marijuana and to retrieve the information stored therein . . . and any other evidence, fruits and instrumentalities of the crime of dealing and possession of marijuana." Gov't Resp., Exh. A. During the search, police found evidence of a previous growing operation inside a shed on the property, but didn't find any evidence of an active operation. Police also discovered documents showing that Mr. Crance owned property in Mill Creek, Indiana.

Indiana State Trooper Chad Larsh took part in the search and while at Mr. Crance's house talked to Jean Evans, Mr. Crance's house-mate. According to the government, Ms. Evans told Trooper Larsh she didn't know Mr. Crance was growing marijuana at the residence, but admitted she knew Mr. Crance had grown marijuana ten years earlier. She also confirmed that Mr. Crance owned property in Mill Creek, reported that he built a garage and outbuilding there, and stated that he went there every night after work. The government says based on that information and the green marijuana plants previously discovered in Mr. Crance's curbside trash, Trooper Larsh suspected Mr. Crance had moved his marijuana operation to Mill Creek. Police initiated a further investigation and thereafter sought a search warrant for Mr. Crance's Mill Creek property. A judge of the LaPorte Superior Court issued that warrant on May 28, 2003.

Mr. Crance claims police exceeded the scope of the May 27 warrant when they searched and seized papers not authorized by the warrant. He argues that the search of the papers located in his South Bend home violated his rights under the Fourth Amendment and, therefore, the search warrant relating to his LaPorte County property and the items recovered there constitute fruits of an unreasonable search and must be suppressed. Mr. Crance maintains that the search by police "of documents and papers, which clearly on their face would not have been evidence of any crime or wrong doing, is so far removed from the realm of probable cause set forth in the search warrant's supporting affidavit that it is patently unreasonable." Deft. Memo., at 4. The court can't agree.

Police executing a search warrant "may seize: (i) items named in the warrant; and (ii) evidence that, although not described in the warrant, is subject to seizure under the plain view doctrine." Russell v. Harms, 397 F.3d 458, 465 (7th Cir. 2005). Under the first prong, Trooper Larsh was authorized to inspect items listed in the warrant, specifically, "record-keeping materials and ledgers," and Mr. Crance's records included information relating to his ownership of property in Mill Creek. Under the second prong, Trooper Larsh was authorized to inspect items not described in the warrant but in plain view. According to the government, Trooper Larsh was "lawfully present" in Mr. Crance's residence, "an item not named in the warrant [was] in the plain view of the officer," and "the incriminating nature of the item [was] immediately apparent" to him. United States v. Raney, 342 F.3d 551, 559 (7th Cir. 2003). The government says that

3

when Trooper Larsh saw documents showing Mr. Crance owned other property and questioned Ms. Evans about that property, Trooper Larsh wasn't required to ignore the potential evidence. The incriminating nature of the information became immediately apparent because, under the circumstances, there was "probable cause to believe that the item [was] linked to criminal activity," or, in other words, Trooper Larsh had probable cause to believe Mr. Crance had moved his marijuana growing operation to Mill Creek. Russell v. Harms, 397 F.3d at 465; *see also* United States v. Cellitti, 387 F.3d 618, 624 (7th Cir. 2004) ("For the incriminating nature to be immediately apparent, the officer must have probable cause to believe that the item is contraband or otherwise linked to criminal activity.").

Mr. Crance's claim that records relating to his Mill Creek property were outside the scope of the original warrant is without merit. The warrant allowed police to search his "record-keeping materials and ledgers." Mr. Crance hasn't argued that Trooper Larsh's presence in his home was unlawful or invalid, that the records relating to his LaPorte County property weren't in plain view or there was some other reason Trooper Larsh shouldn't have discovered them in his search of the home, or that the incriminating nature of the information contained in the records wasn't "immediately apparent" to Trooper Larsh. Mr. Crance hasn't carried his burden of demonstrating that his Fourth Amendment rights were violated, and, accordingly, his motion to suppress [docket # 12] is DENIED.

SO ORDERED.

ENTERED:   April 13, 2006

4

                /s/ Robert L. Miller, Jr.
            Chief Judge
            United States District Court